UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**DARLENE FIELDER**  CASE NO. 22-cv-3256

-vs-  JUDGE DRELL

**LIBERTY MUTUAL FIRE INSURANCE CO ET AL**  MAGISTRATE JUDGE PEREZ-MONTES

## RULING

Before the Court is an unopposed motion for summary judgment filed by Liberty Mutual Fire Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company ("Defendants") (Doc. 44). Defendants seek dismissal of all claims against them and argue: (1) neither Liberty Mutual Fire Company nor Liberty Mutual Insurance Company insured the plaintiff; (2) the policy at issue is a renter's insurance policy that does not provide coverage for damage to dwellings or other structures; and (3) the plaintiff has failed to provide evidence in support of her claim that additional funds are owed for damage to contents or the loss of use of her home. For the reasons set forth below, the motion for summary judgment will be GRANTED.

I.  SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of material fact is genuine if evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations

omitted). It is important to note that the standard for summary judgment is twofold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. Id.

Summary judgment may not be granted only on the basis that a motion is unopposed. A movant's burden persists even when a motion for summary judgment is unopposed. The court must still satisfy itself that no genuine issue of material fact exists that would preclude judgment for the moving party. Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir.2011) (internal quotations omitted).

II. BACKGROUND

On or about December 5, 2019, Liberty Personal Insurance Company ("LPIC") issued a renter's insurance claim to Darlene Fielder ("Plaintiff") for personal property located at 294 St. Claire Rd., Boyce, Louisiana 71409. The policy provided coverage for personal property, loss of use of an insured location, personal liability, and medical payments to others.

On September 2, 2020, Plaintiff reported a claim to LPIC stating trees fell on her home and shed during Hurricane Laura damaging the aforementioned structures and her personal property located within them. LPIC responded by issuing a check in the amount of $1,000 as good will toward their insured, and asked that Plaintiff file an inventory of her personal belongings to show she was entitled to additional compensation.

On September 18, 2020, Plaintiff advised LPIC she would be renting a camper as a short-term living solution. She provided LPIC with a copy of her lease on October 12, 2020 showing a rental rate of the camper for $500 per month. LPIC immediately issued a check to Plaintiff in the amount of $1,000 to cover her rent for the months of September and October. No further requests for rental reimbursement were submitted by Plaintiff.

On February 3, 2020, LPIC received a letter from McClenny Mosely & Associates, PLLC, ("MMA") stating they were representing Plaintiff. On July 19, 2022, nearly a year and a half later, MMA submitted an estimate of damages in the amount of $296,743.11. LPIC rejected the estimate noting the policy at issue did not provide coverage for dwellings.

On August 23, 2022, MMA filed this lawsuit. MMA was removed as counsel from this case, and another firm enrolled. That firm later withdrew citing the fact they could not reach Plaintiff despite numerous attempts to reach her by phone, text, and email. To date, Plaintiff has not appeared in any capacity, and has missed deadlines for various filings, including a response to this motion for summary judgment.

III.   ANALYSIS

Defendants Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company seek dismissal of all claims asserted against them. They argue that neither of them insured Plaintiff or her rental property. According to the declaration of Avery Lemaire, Liberty Mutual Insurance Company's Senior Field Claim Resolution Specialist II, LPIC did insure Plaintiff under renter's policy number H4F29118112170; however, neither Liberty Mutual Fire Insurance Company nor Liberty Mutual Insurance Company insured Plaintiff or her property. (Doc. 44-3). As there is no evidence to refute Ms. Lamaire's declaration, we that neither Liberty Mutual Fire Insurance Company nor Liberty Mutual Insurance Company should have been named as defendants. Accordingly, summary judgment should be granted, and all claims asserted against these two defendants should be dismissed.

LPIC argues that Plaintiff's claim for damage to her mobile home and shed should be dismissed because the policy issued to her was a renter's policy that did not provide coverage for dwellings or other structures. In support, LPIC provided a copy of the policy. (Doc. 44-4).

According to the policy, Plaintiff was provided coverage under Coverages C (personal property), D (loss of use of insured location), E (personal liability), and F (medical payments to others), but there is no coverage for dwellings.[1] (Id. at p.2). Accordingly, Plaintiff's claims for property damage to the mobile home and shed should be dismissed.

Finally, LPIC argues that Plaintiff's claims for additional sums for damage to her contents and loss of use of her mobile home should be denied because Plaintiff never provided documentation supporting either claim. Plaintiff was asked on September 3, 2020 to provide an inventory of personal property that was damaged. To date, more than three years later, she has failed to respond in any way. Furthermore, Plaintiff has not provided any requests for reimbursement of rental payments since October 2020. Without proof of further loss, there is no basis for her claim for additional damages, and this claim should also be dismissed.

IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be granted. A judgment in conformity with these findings will be issued this date.

THUS DONE AND SIGNED at Alexandria, Louisiana this 21st day of March 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] A review of the policy reveals that coverage for structures such as the mobile home and shed would be provided under Coverage A. (See Id. at p.24). However, Plaintiff's policy does not provide for coverage under A, only C, D, E, and F.

4